IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donald Edward Pryor,   Case No. 3:09 CV 1082

          Plaintiff,   MEMORANDUM OPINION
   AND ORDER

-vs-

   JUDGE JACK ZOUHARY

Altria Client Services, Inc., et al.,

          Defendants.

### INTRODUCTION

On May 11, 2009, *pro se* Plaintiff Donald Edward Pryor filed this Complaint (Doc. No. 1) alleging several federal and state law violations, including the Racketeer Influenced Corrupt Organization Act ("RICO") and the Sherman Antitrust Act. Twenty-some defendants are named including federal and state agencies, tobacco companies and medical providers. Additionally, Pryor filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2). That Motion is granted.

### BACKGROUND

Pryor's claims arise from the death of his mother, Damaris Conrad. Conrad went to the Firelands Regional Medical Center on February 14, 2007, complaining she had difficulty breathing. She had been a heavy smoker for more than forty years, but successfully quit nineteen years earlier. Her apartment building, however, was not well ventilated and she continued to be exposed to large amounts of secondhand smoke. At the time of her admission to the hospital, she was suffering from chronic obstructive pulmonary disease ("COPD") which had been aggravated by a cold or the flu.

She was placed on a ventilator in the hospital's intensive care unit for a period of time. Pryor claims his mother contracted an infection through an intravenous port and did not receive proper treatment. Nevertheless, his mother was successfully removed from the ventilator, and later transferred to a step-down unit of the hospital and then to the Great Lakes Transitional Care rehabilitation center. She contracted another infection and was referred to hospice where she died on May 9, 2007 from COPD.

Pryor claims Defendants are responsible for his mother's untimely death. He contends the tobacco companies and their affiliates provided a dangerous product which contributed to the deaths of both his parents. He asserts causes of action against them under the Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution, RICO, the Ohio Constitution, and Ohio product liability statutes (R.C. 2307.71-72), Ohio criminal and miscellaneous statutes (2927.02 (criminal statute prohibiting the distribution of cigarettes to children), 2827.03 (criminal statute pertaining to interference with fair housing rights), 2921.45 (criminal statute prohibiting interference with civil rights), 2923.34 (civil proceedings arising from corrupt activity), 2923.32 (criminal statute pertaining to corrupt activity), 2125.01 (wrongful death), 2711.04 (permitting appointment of an arbitrator), 2323.43 (medical malpractice compensatory damages), 2323.55 (medical malpractice future damages), and 120.06 (establishing a duty to provide legal representation to indigent adults and juveniles)). In addition, Pryor asserts claims against the United States Department of Agriculture and the Department of Commerce for permitting the tobacco companies to engage in the sale of cigarettes. He asserts medical malpractice and wrongful death claims against Firelands Regional Medical Center, Great Lakes Transitional Care, and the physicians who treated his mother. Pryor asserts the United States Department of Housing and Urban Development, Erie Metro Housing Authority, and Feick Contractors permitted residents of his mother's apartment building to smoke, thereby exposing her

to additional toxins. Finally, he claims the United States government agencies engaged in antitrust violations by taking a portion of the proceeds of tobacco litigation profits. He believes he is entitled to a share of those settlements.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to §1915(e).

This is the second time Pryor filed this action. He filed an identical complaint on November 10, 2008. That case, No. 3:08 CV 2656, was considered on the merits and dismissed with prejudice on January 22, 2009. Pryor is now asserting the same claims against the same defendants based on the same set of facts.

The doctrine of *res judicata* dictates a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *Id.* Both of these

requirements are met in this case. Pryor is therefore precluded from litigating this matter for a second time.

## CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                            s/ *Jack Zouhary*
                                            JACK ZOUHARY
                                            U. S. DISTRICT JUDGE

                                            August 14, 2009